### FELDKAMP v HARRIS

Ohio Appeals, 1st Dist, Hamilton Co

No 3775. Decided June 8, 1931

Mr. Froome Morris, Cincinnati, and Mr. M. Froome Barbour, Cincinnati, for plaintiff in error.

Messrs. Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for defendant in error.

CUSHING, J.

The evidence discloses that at the time of the accident an employe of Harris was sweeping the stairs; that he was standing on the second step from the top; and that he was engaged at the time in sweeping rubbish down the stairs. The plaintiff Feldkamp saw him in this position, and, without any excuse for descending the stairs at that particular time, passed around him, stepped on something and fell and was injured.

The trial court instructed a verdict for the defendant. This action is prosecuted to reverse the judgment entered on that verdict.

The record further discloses that there was some light on the stairs, but that they were not well lighted. It is clear, however, that plaintiff did not wait until the stairs had been swept and all rubbish removed, but walked down knowing that rubbish was on the stairs and that at the time they were being cleared off by the employe of the owner of the building.

Whether the verdict was instructed on the ground that plaintiff knew of the condition of the stairs and assumed the risk in descending them, wtihout waiting until the employe had completed his work, or waiting for a short time until the sweeping was completed does not appear from the record.

There does not seem to be any causal connection between the block of wood being on the steps and the plaintiff's injury.

It was the duty of Harris to keep the stairs in repair and free from obstruction. This was being done and we do not see how Harris can be liable when the plaintiff, Feldkamp, walked down the stairs without

the proper precaution, fully aware of the situation in the building and the condition of the stairs.

The judgment of the Court of Common Pleas of Hamilton County is affirmed.

ROSS, PJ, and HAMILTON, J, concur.